**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEOPOLDO PENA MENDOZA; et al.,

Plaintiffs-Appellants,

v.

FONSECA MCELROY GRINDING CO.,
INC; GRANITE ROCK COMPANY,

Defendants-Appellees.

No.    17-15221

D.C. No. 3:15-cv-05143-WHO

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted November 13, 2018
Submission Withdrawn January 15, 2019
Resubmitted October 22, 2021
San Francisco, California

Before:  W. FLETCHER and M. SMITH, Circuit Judges, and BUCKLO,** District
Judge.

Plaintiffs appeal the district court's order granting summary judgment in favor

of Fonseca McElroy Grinding Company and Granite Rock Company. We have

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Elaine E. Bucklo, United States District Judge for the
Northern District of Illinois, sitting by designation.

jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 1291. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

Plaintiffs Leopoldo Pena Mendoza, Elviz Sanchez, and Jose Armando Cortes allege that Defendants underpaid them for offsite mobilization work performed "in the execution of [a] contract for public work" pursuant to California Labor Code § 1772. The parties both moved for summary judgment, and the district court granted Defendants' motion and denied Plaintiffs' motion because it concluded that Plaintiffs' offsite mobilization work was not performed in the execution of a contract for public work.

After Plaintiffs appealed, we certified the following question to the California Supreme Court, and agreed to accept and follow the court's decision:

> Is operating engineers' offsite "mobilization work"—including the transportation to and from a public works site of roadwork grinding equipment—performed "in the execution of [a] contract for public work," Cal. Lab. Code § 1772, such that it entitles workers to "not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed" pursuant to section 1771 of the California Labor Code?

The California Supreme Court answered the question as follows:

> Section 1772 does not expand the categories of public work that trigger the obligation to pay at least the prevailing wage under section 1771. Here there is no contention that mobilization qualifies as defined "public work." Under the circumstances, section 1772 does not provide a basis for requiring plaintiffs to be paid the prevailing wage for that work.

2

*Mendoza v. Fonseca McElroy Grinding Co.*, 492 P.3d 993, 1011 (Cal. 2021).

Therefore, we affirm the district court's order granting Defendants' motion for summary judgment and denying Plaintiffs' motion.

**AFFIRMED.**